

# THE ATTORNEY GENERAL
# OF TEXAS

### AUSTIN, TEXAS 78711

JOHN L. HILL
ATTORNEY GENERAL

October 17, 1977

Honorable Joseph N. Murphy, Jr.          Opinion No. H-1073
Executive Director
Employees Retirement System of          Re: Qualification of
  Texas                                 members of the Judicial
Austin, Texas   78711                   Retirement System for
                                        retirement credit for
                                        service on domestic
                                        relations and juvenile
Dear Mr. Murphy:                        courts.

　　　You have requested our opinion regarding the consti-
tutionality of the Family District Court Act, V.T.C.S.
art. 1926a, Acts 1977, 65th Leg., ch. 859, at 2144, and a
number of related questions.

　　　The purpose of the Act is to substitute

> district courts of general jurisdiction,
> to be called family district courts, for
> the existing domestic relations courts and
> special juvenile courts.

Sec. 1.02(a). The statute also purports to transfer retire-
ment credit accrued by former domestic relations and juve-
nile court judges from the County and District Retirement
System to the Judicial Retirement System. Section 1.08(b)
provides:

> Each judge, at his option, may pay into
> the State Treasury no less than six percent
> plus interest of that salary that would
> have been paid to him had he been paid by
> the state for his full tenure on any court
> of domestic relations or special juvenile
> court. Upon such payment and the compli-
> ance with the transfer herein provided the
> judge will be given full credit for such
> tenure toward state judicial retirement.

In addition for such full credit to apply, any judge of the family district court who elects to secure credit in the judicial retirement system pursuant to this section shall forfeit all rights to any county and district retirement system other than the reserves for the additional funds, if any, paid to district judges by the state, for the tenure for which credit is sought. Such county and district retirement systems shall transfer to the judicial retirement system all sums credited to the account of such judge except the amount paid in for such additional salary, if any, whether paid by the judge or by the employer, plus accumulated interest thereon, in such county and district retirement system. Such sum paid into the judicial retirement system by any county and district retirement systems shall be first applied against the judges' required six percent payment herein set out and any remainder shall remain in the General Revenue Fund.

You first ask whether section 1.08(b) is constitutional.

In Attorney General Opinion M-830 (1971), this office, in considering similar legislation, held that the Legislature could not constitutionally authorize benefits under the Judicial Retirement System to be based in part on services rendered as a member of the County and District Retirement System. That Opinion was premised upon section 62(a) of article 16 of the Texas Constitution, which provided that persons participating in a retirement system under article 5, section 1-a, _i.e._, the Judicial Retirement Sytem, were not eligible to participate in any fund authorized by article 16, section 62(a), _i.e._, the County and District Retirement System. But see Letter Advisory No. 5 (1973).

In April, 1975, the voters repealed article 16, section 62, and substituted article 16, section 67 therefor. The latter amendment now authorizes the Legislature to

enact general laws establishing systems and programs of retirement and related disability and death benefits for public employees and officers.

Tex. Const. art. 16, § 67(a)(1). In our opinion, the repeal of article 16, section 62, together with the ratification of article

16, section 67, removes any doubt regarding the constitutional-
ity of the kind of retirement provisions contained in the Family
District Court Act.

Section 1.08(b) authorizes a judge to "pay into the State
Treasury no less than six percent plus interest of that salary
that would have been paid to him had he been paid by the state
for his full tenure on any court of domestic relations or special
juvenile court." (Emphasis added). You ask what rate of interest
should be applied. In providing for the transfer of funds from
county and district retirement systems, the statute requires pay-
ment of "all sums credited to the account of such judge except
the amount paid in for such additional salary, if any, whether
paid by the judge or by the employer, plus accumulated interest
thereon." (Emphasis added). We believe this provision means
that interest should be charged on the transferred funds at the
rate it actually accrued while the funds were in the custody of
the county and district retirement system. Under that system,
interest accrues at varying statutory rates. V.T.C.S. art.
6228g, §§ 2(27) and 2(28). If the service was performed prior
to the creation of the county and district retirement system,
we believe that the system's policy to apply the legal rate of
interest, defined by statute as "six percent per annum," V.T.C.S.
art. 5069-1.03, is not unreasonable.

Section 1.08(b) of article 1926a makes clear that all sums
credited or attributable to the account of a judge should be
transferred into the State Treasury to the credit of the Judicial
Retirement System, whether such sums were "paid by the judge or
by the employer." Furthermore, all transferred funds, regardless
of source, should be credited to each member's account in that
amount which would be standing to his credit if his service had
actually been performed under the Judicial Retirement System.
Any remaining balance is to remain in the General Revenue Fund.

### S U M M A R Y

That portion of the Family District Court
Act, V.T.C.S. art. 1926a, Acts 1977, 65th
Leg., ch. 859, at 2144, which transfers
retirement credit accrued by former domes-
tic relations and juvenile court judges
from the County and District Retirement
System to the Judicial Retirement System,
is constitutional.

Very truly yours,

JOHN L. HILL
Attorney General of Texas

APPROVED:

DAVID M. KENDALL, First Assistant

C. ROBERT HEATH, Chairman
Opinion Committee

jst